# ORIGINAL

## In the United States Court of Federal Claims

No. 16-110C
(Filed: August 19, 2016)

**FILED**

AUG 1 9 2016

U.S. COURT OF
FEDERAL CLAIMS

*************************************

| | |
|---|---|
| LORD NOBLE KATO BAKARI EL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

Motion to Dismiss; Application to Proceed
In Forma Pauperis; Pro Se Plaintiff;
Collateral Attack of State Court Judgment;
Fraud; Mistake; Conspiracy; Trespass;
Fifth Amendment Taking; Lack of
Jurisdiction

*************************************

Lord Noble Kato Bakari El, Mesa, AZ, pro se.

Jessica L. Cole, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

Before the court is defendant's motion to dismiss plaintiff's pro se complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6), respectively, of the Rules of the United States Court of Federal Claims ("RCFC"). In addition, plaintiff has filed an application to proceed in forma pauperis. Plaintiff alleges that the Superior Court of Arizona in Maricopa County ("Superior Court of Arizona") unlawfully entered a judgment of forcible detainer against him for illegally occupying private property and ordered him to vacate that property. Although plaintiff's application to proceed in forma pauperis is granted, the court possesses no jurisdiction to hear plaintiff's claims. Accordingly, the court must dismiss his complaint.

## I. BACKGROUND

Plaintiff Lord Noble Kato Bakari El alleges that he is the legal heir of the estate of his wife, Wilma Jean Ford, in Maricopa County, Arizona. The property at issue is located at 1502 South Lee Circle, Mesa, Arizona 85204. Previously, Carrington Property Services, LLC brought an action for forcible detainer in the Superior Court of Arizona against plaintiff and his wife, seeking their removal from that property. On December 3, 2015, Commissioner James Morrow of the Superior Court of Arizona entered a judgment against the defendants in that case for forcible detainer, ordering them to vacate the property by January 2, 2016; if they did not, the court stated, a Writ of Resolution would be issued. In addition, the defendants were ordered to pay the plaintiff $539 in costs and $125 in attorney's fees.

USPS TRACKING #
& CUSTOMER
RECEIPT

**9114 9999 4431 3548 1336 64**

For Tracking or inquiries go to USPS.com
or call 1-800-222-1811.

On January 21, 2016, plaintiff filed suit in this court, alleging that the Superior Court of Arizona failed to recognize that he owns the subject property pursuant to a deed and a land patent. According to plaintiff, the property "passed to [him] by way of grant deed recorded . . . in the Maricopa County Recorder's Office." Compl. 7. Plaintiff asserts that he is in possession of the original land patent of the property at issue. Consequently, plaintiff contends, the Superior Court of Arizona "failed to recognize . . . the Defendants['] Grant deed that was executed on April/28/15 before the allege[d] trustee sale on July/02/15." Id. at 10. Plaintiff argues that the court's judgment was unlawful–asserting claims of fraud, mistake, trespass, conspiracy, unauthorized administration of property without right, and "diversity"–and seeks $1.75 million in damages. Id. at 8. In addition, plaintiff requests that this court render the Superior Court of Arizona's decision "void" for "fraud[,] mistake[,] and surprise." Id.

Defendant filed a motion to dismiss plaintiff's amended complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction and RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.[1] The motion is fully briefed, and the court deems oral argument unnecessary.

## II. LEGAL STANDARDS

### A. Tucker Act

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). A waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States not sounding in tort that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2012). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

### B. RCFC 12(b)(1) Motion to Dismiss

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties, or

---

[1] Because the court concludes that it lacks jurisdiction over plaintiff's claims, it does not address defendant's RCFC 12(b)(6) motion.

the court, sua sponte, may challenge the existence of subject matter jurisdiction at any time. Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006).

When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). A pro se plaintiff's complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' . . . ." Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). However, a pro se plaintiff is not excused from meeting basic jurisdictional requirements. See Henke, 60 F.3d at 799 ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The plaintiff cannot rely solely on allegations in the complaint, but must bring forth relevant, adequate proof to establish jurisdiction. See McNutt, 298 U.S. at 189. Ultimately, if the court finds that it lacks subject matter jurisdiction, then it must dismiss the claim. Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. DISCUSSION

In his complaint, plaintiff alleges that the Superior Court of Arizona's judgment was unlawful–asserting claims of fraud, mistake, surprise, trespass, conspiracy, unauthorized administration of property without right, and "diversity"–and requests that this court render that judgment void. Compl. 8. The court lacks jurisdiction over plaintiff's claims. Consequently, plaintiff's complaint must be dismissed.

### A. The United States Is the Only Proper Defendant in the Court of Federal Claims

Although the court has read the complaint in the light most favorable to plaintiff, it cannot locate any allegations that implicate the United States.[2] Plaintiff instead challenges the decision of a state court, but this court does not possess jurisdiction to entertain claims against state courts or state officials. See 28 U.S.C. § 1491; Sherwood, 312 U.S. at 588 (concluding that jurisdiction in the Court of Federal Claims "is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court" (citations omitted)); accord Trevino v. United States, 557 F. App'x 995, 998 (Fed. Cir. 2014) (unpublished decision) (affirming the trial court's decision that it did not possess jurisdiction over claims against "states, localities, state and local government officials, state courts, state prisons, or state employees"); see also Jefferson v. United States, 104 Fed. Cl. 81, 89 (2012)

---

[2] Plaintiff alleges that his land patent is registered with the Bureau of Land Management of the United States Department of the Interior, but he does not allege any claims against this or any other federal agency.

(stating that the court lacks jurisdiction over claims against state agencies and private individuals).

## B. The Court of Federal Claims Cannot Entertain a Collateral Attack Against the Judgment of Another Court

Further, this court lacks jurisdiction to review the decisions of state courts. As explained by the United States Supreme Court:

> Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ . . . [a] collateral attack on the judgment would–quite apart from any considerations of fairness to the parties–disturb the orderly operation of the federal judicial system.

U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 27 (1994); accord Vereda, Ltda. v. United States, 217 F.3d 1367, 1375 (Fed. Cir. 2001) ("[T]he Court of Federal Claims cannot entertain a taking claim that requires the court to 'scrutinize the actions of' another tribunal." (quoting Allustiarte v. United States, 256 F.3d 1349, 1352 (Fed. Cir. 2001))); Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts.").

## C. Even if Plaintiff Alleged Claims Against the United States, the Court Lacks Jurisdiction to Entertain Them

Moreover, to the extent that plaintiff alleges claims against the United States rather than the Superior Court of Arizona, this court lacks jurisdiction to entertain them. First, plaintiff's claims that the government acted unlawfully due to fraud, mistake, conspiracy, trespass, or other wrongful conduct sound in tort. Jumah v. United States, 90 Fed. Cl. 603, 607-08 (2009) (stating that claims of trespass or conspiracy sound in tort); Cottrell v. United States, 42 Fed. Cl. 144, 149 (1998) (holding that claims "that defendant engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties" sound in tort). It is well settled that the Court of Federal Claims lacks jurisdiction over tort claims. See 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . in cases not sounding in tort."); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); Woodruff v. United States, 80 Fed. Cl. 806, 816 (2008); McCauley v. United States, 38 Fed. Cl. 250, 264 (1997) ("Jurisdiction to hear tort claims is exclusively granted to the United States District Courts under the Federal Tort Claims Act."), aff'd, 152 F.3d 948 (Fed. Cir. 1998).

Second, plaintiff's reliance on Article VI of the United States Constitution in support of his claims is misplaced. Article VI provides:

> All debts contracted and engagements entered into, before the adoption of this
> Constitution, shall be as valid against the United States under this Constitution, as
> under the Confederation.
>
> This Constitution, and the laws of the United States which shall be made in
> pursuance thereof; and all treaties made, or which shall be made, under the authority
> of the United States, shall be the supreme law of the land; and the judges in every
> state shall be bound thereby, anything in the Constitution or laws of any State to the
> contrary notwithstanding.
>
> The Senators and Representatives before mentioned, and the members of the several
> state legislatures, and all executive and judicial officers, both of the United States
> and of the several states, shall be bound by oath or affirmation, to support this
> Constitution; but no religious test shall ever be required as a qualification to any
> office or public trust under the United States.

U.S. Const. art. VI. There is nothing in Article VI that indicates that it is money-mandating, and therefore, this court does not possess jurisdiction over claims that it was violated by the government. El v. United States, 122 Fed. Cl. 707, 709 (2015); accord Marshall v. United States, No. 09-431C, 2010 WL 125978, at *3 (Fed. Cl. Jan. 14, 2010) (unpublished decision).

Third, plaintiff argues that the United Nations Declaration of the Rights of Indigenous People provides a basis for the exercise of this court's jurisdiction. Plaintiff is mistaken. Under the Tucker Act, the court possesses jurisdiction to entertain claims founded upon the United States Constitution, federal statutes and regulations, and contracts with the United States. 28 U.S.C. § 1491(a)(1). The Tucker Act does not provide the court with jurisdiction to entertain claims based upon United Nations declarations. Id.; see also id. § 1502 ("Except as otherwise provided by Act of Congress, the United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations."); Prophet v. United States, 106 Fed. Cl. 456, 464 (2012) (holding that various declarations and conventions do not confer jurisdiction on the Court of Federal Claims because they "are not acts of the United States Congress, signed by the President of the United States"). Moreover, plaintiff has not referenced any statute providing this court with the authority to entertain claims under the Declaration of the Rights of Indigenous Peoples.

Fourth, plaintiff cites Article III of the Articles of Confederation, which recites:

> The said States hereby severally enter into a firm league of friendship with each
> other, for their common defense, the security of their liberties, and their mutual and
> general welfare, binding themselves to assist each other, against all force offered to,
> or attacks made upon them, or any of them, on account of religion, sovereignty,
> trade, or any other pretense whatever.

Articles of Confederation of 1781, art. III. However, because the Articles of Confederation were replaced by the United States Constitution in 1789, they are not a valid source of law. Nonetheless, even if they were, there is nothing in Article III indicating that it is money-mandating. The court therefore lacks jurisdiction over any claims that plaintiff alleges arises

under Article III. See Kolakowski v. Sec'y of HHS, No. 99-0625V, 2010 WL 5672753, at *141 (Fed. Cl. Spec. Mstr. Nov. 23, 2010) (explaining that the Articles of Confederation were later replaced by the United States Constitution).

Fifth, plaintiff references 43 U.S.C. § 59 and 43 U.S.C. § 83, which describe evidentiary rules governing copies of land records. However, these statutes do not require or even discuss payment for a violation. Consequently, the court possesses no jurisdiction over any claims brought pursuant to these statutes.

Finally, to the extent that plaintiff's allegations may be construed as raising a Fifth Amendment takings claim, plaintiff fails to invoke this court's jurisdiction. The Fifth Amendment prohibits the federal government from taking private property for public use without paying just compensation. U.S. Const. amend. V. The Court of Federal Claims possesses jurisdiction to entertain Fifth Amendment takings claims against the United States. See Morris v. United States, 392 F.3d 1372, 1375 (Fed. Cir. 2004) ("Absent an express statutory grant of jurisdiction to the contrary, the Tucker Act provides the Court of Federal Claims exclusive jurisdiction over takings claims for amounts greater than $10,000."). However, to bring suit in the Court of Federal Claims, a plaintiff "must concede the validity of the government action which is the basis of the taking claim . . . ." Tabb Lakes, Ltd. v. United States, 10 F.3d 796, 802-03 (Fed. Cir. 1993); accord Reg'l Rail Reorg. Act Cases, 419 U.S. 102, 126-27 & n.16 (1974) ("[T]he Government action must be authorized. 'The taking of private property by an officer of the United States for public use, without being authorized, expressly or by necessary implication, to do so by some act of Congress, is not the act of the government,' and hence recovery is not available in the Court of Claims." (quoting Hooe v. United States, 218 U.S. 322, 336 (1910))). Plaintiff alleges that he was unlawfully forced to vacate the property at issue by the Superior Court of Arizona. In other words, plaintiff does not concede the lawfulness of the state court action. Accordingly, the court cannot exercise its jurisdiction over any Fifth Amendment takings claim asserted by plaintiff.[3]

### D. The Court Grants Plaintiff's Application to Proceed In Forma Pauperis

Finally, as noted above, plaintiff filed, concurrent with his complaint, an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, courts of the United States are

---

[3] Even if the court could exercise jurisdiction over a Fifth Amendment takings claim asserted by plaintiff, plaintiff would not prevail on such a claim. To establish a Fifth Amendment taking, plaintiff would first be required to "identif[y] a cognizable Fifth Amendment property interest that is asserted to be the subject of the taking." Casitas Mun. Water Dist. v. United States, 708 F.3d 1340, 1348 (Fed. Cir. 2013). "Property interests are created and defined by state law." Butner v. United States, 440 U.S. 48, 55 (1979). As a prerequisite to granting judgment in forcible detainer against plaintiff, the Superior Court of Arizona necessarily must have concluded that plaintiff did not have a valid property interest in the property at issue. Thus, the court's judgment could not constitute a Fifth Amendment taking. Cf. Vereda, Ltda, 217 F.3d at 1375 ("[T]he Court of Federal Claims cannot entertain a taking claim that requires the court to 'scrutinize the actions of' another tribunal." (quoting Allustiarte, 256 F.3d at 1352)).

permitted to waive filing fees and security under certain circumstances.[4]  See 28 U.S.C.
§ 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that
28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike).  Plaintiffs wishing to
proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they
are unable to pay the fees or give the security, and states the nature of the action and their belief
that they are entitled to redress.  28 U.S.C. § 1915(a)(1).  Here, plaintiff has satisfied all three
requirements.  The court therefore grants plaintiff's application and waives his filing fee.

## IV. CONCLUSION

In sum, the court **GRANTS** plaintiff's application to proceed in forma pauperis, and
**DISMISSES** plaintiff's complaint for lack of jurisdiction.  No costs.  The clerk is directed to
enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge

---

[4] While the Court of Federal Claims is not generally considered to be a "court of the
United States" within the meaning of title twenty-eight of the United States Code, the court has
jurisdiction to grant or deny applications to proceed in forma pauperis.  See 28 U.S.C. § 2503(d)
(deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28
U.S.C. § 1915); see also Matthews, 72 Fed. Cl. at 277-78 (recognizing that Congress enacted the
Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the
court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to 28
U.S.C. § 1915).